UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTWOINE Z. YOUNG, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:17-cv-00408-JMS-DLP |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) ) |

**Order Denying Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Antwoine Z. Young is serving a three-year sentence for his 2011 Boone County, Indiana, conviction for theft. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Young's petition for a writ of habeas corpus is **denied** and the action **dismissed without prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Factual and Procedural Background

On July 1, 2008, the State charged Mr. Young with theft, a Class D felony and driving while suspended, a Class A misdemeanor under cause number 06D02-0807-FD-652 ("FD-652"). On January 5, 2009, Mr. Young and the State entered into a plea agreement where Mr. Young agreed to plead guilty to theft, a Class D felony. The trial court sentenced Mr. Young to supervised probation for three years.

On June 19, 2011, the State charged Mr. Young with dealing in cocaine, a Class A felony and possession of cocaine, a Class B felony in cause number 49G20-1106-FA-42420 ("FA-42420"). On December 12, 2011, Mr. Young pleaded guilty to the lesser included charge of Class B felony dealing in cocaine, and the State agreed to dismiss the remaining charge. The parties

agreed that Mr. Young's sentence would be 12 years, but left placement to the discretion of the trial court. On January 3, 2012, the trial court sentenced Mr. Young to 12 years imprisonment to be served in the Indiana Department of Correction (IDOC).

On January 9, 2012, because Mr. Young had committed the new criminal offense of dealing in cocaine, the probation department filed a petition to revoke Mr. Young's probation in FD-652. On June 21, 2012, the trial court revoked Mr. Young's probation for theft and ordered that Mr. Young "execute the remaining portion of his original three year sentence in the Indiana Department of Correction. Sentence shall be consecutive to sentence in 49G20-1106-FA-42420." The Chronological Case Summary indicates that the trial court "calculate[d] Defendant's jail time credit on this cause to be 532 days (266 actual days) time served, including time spent in Shelby County Jail attributable to this case." Dkt. 10-1 at 11.

On August 14, 2017, Mr. Young submitted a letter to Jack Hendrix, Executive Director/Classification Division of the IDOC. *See* Dkt. 10-4 at 2-3. Mr. Young alleged that he should be immediately released because he was required to serve his sentence in FA-42420 before serving his sentence for the probation violation in FD-652. According to Mr. Young, if he had served his sentence in FD-652 first, he would have received certain benefits that would entitle him to immediate release. On August 25, 2017, Jennifer Lee Farmer, the Director of the IDOC Sentence Computation & Release, indicated that "[p]er IDOC Policy and Administrative Procedure—Adult Offender Classification # 01-04-101 (F, 5, c, 1)," the earlier date of sentence must be served first. Dkt. 10-4 at 1. Therefore, because Mr. Young was sentenced for dealing in cocaine prior to being sentenced for his probation violation, the IDOC adult offender classification policy required that Mr. Young serve his sentence for dealing in cocaine prior to his probation violation. *Id.* She also explained, "[f]lipping the start date of your two consecutive sentence who

(sic) only cause you to start serving the [violation of probation] and new commitment on a later date, which does not benefit you. The only thing that affected your [earliest possible release date] negatively was your conduct." *Id.*

On August 28, 2017, Mr. Young filed this petition for a writ of habeas corpus.

## II.     Discussion

Mr. Young asserts that pursuant to IDOC Policy #01-04-101, the sentence that has the earlier date of sentence is to be served first. He was first sentenced in FD-652 in January 2009. On January 3, 2012, he was sentenced in FA-42420. Because he was still on parole in FD-652, on June 21, 2012, the trial court revoked Mr. Young's probation and resentenced him. The sentence in FD-652 was ordered to be served consecutive to the sentence in FA-42420. Mr. Young disagrees with the ordering, asserting that the sentence in FD-652 should have been served first.

The respondent first asserts that Mr. Young has not exhausted his state court remedies because Indiana courts will review claims challenging calculation of their release dates or the loss of credit time under circumstances other than a prison disciplinary proceeding. The respondent next assert that even if Mr. Young could overcome the procedural barrier, his claims are based on state law and are not cognizable in a federal habeas petition.

A federal district court may not grant habeas corpus relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A. § 2254(b)(1). Indiana courts have demonstrated that they will adjudicate calculations of release dates or sentencing issues. *See McGee v. Osburn*, No. 67A01-0901-CV-24, 2009 Ind. App. Unpub. LEXIS 996 (Ind. Ct. App. July 2, 2009) (addressing whether and how consecutive sentences would be calculated); *Williams v. State*, No. 32A05-0906-

3

CV-334, 2010 Ind. App. Unpub. LEXIS 773 (Ind. Ct. App. June 9, 2010) (same); *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008) ("[All manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment, are addressed via post-conviction relief proceedings."); *see also, e.g., Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004) ("When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable.").

The parties agree Mr. Young has not presented this claim to the State courts and Mr. Young has not disputed that such an adjudication by Indiana courts would be effective as required by 28 U.S.C.A. § 2254(b)(1)(B)(ii). Because the claim has not been presented to the Indiana courts, it is unexhausted. Therefore habeas corpus relief is unavailable and this petition must be dismissed without prejudice so that Mr. Young can present it to the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, because Mr. Young is not challenging his state court conviction, the 1-year period of limitation in 28 U.S.C. § 2244(d) does not apply. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) ("[T]he custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board."). This means that dismissing this case will not effectively end his chance at habeas corpus review because he will still have time to file a new habeas corpus case (if necessary) after he finishes exhausting this claim by presenting it to the Indiana Supreme Court. Therefore a stay would not be appropriate.

4

Even if exhaustion of his claims at the state courts is not required, Mr. Young's claim relating to an alleged violation of IDOC policy has no merit here. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Young has failed to exhaust his state court remedies. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition is therefore **denied without prejudice**. Judgment consistent with this Order shall now issue.

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 6/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTWOINE Z. YOUNG
996309
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov